# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

HEZEKIAH SATTERFIELD                                                                     PLAINTIFF
ADC #106411

V.                               NO: 4:08CV00001 JMM/HDY

SARA SPEER *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, on January 2, 2008 (docket entry #1), alleging that his constitutional rights were violated while he was held at the Pulaski County Regional Detention Center. Plaintiff named as Defendants Sarah Speer and Denyce Glover, both nurses at the detention center; and Pulaski County Sheriff Doc Holladay. Plaintiff's claims against Glover were dismissed on June 6, 2008 (docket entry #51).

On October 17, 2008, Speer and Holladay filed a motion for summary judgment, a statement of facts, and a brief in support (docket entry #67-#69). On October 22, 2008, Plaintiff filed a response (docket entry #71).[1]

### **I. Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Plaintiff's response was actually docketed as a brief in support of a motion for appointment of counsel, but a close reading of the brief indicates that it is in response to Defendants' motion for summary judgment.

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he reported a "sitze"[2] on his buttock on December 22, 2006. Two days later, the boil burst, and Glover initially did not provide him with any treatment. However, 30 minutes later, Plaintiff received gauze and antibiotic ointment from another nurse. Plaintiff charges that he was not seen by a physician or given any medication after the incident.

Initially, Defendants note that Plaintiff's primary complaint is with Glover, and that he has not alleged that Speer or Holladay participated in any constitutional violation. Defendants also allege that Plaintiff had no serious medical need, and that, at most, he has alleged a 30-minute delay in medical treatment. Defendants assert that there is no medical evidence to indicate that Glover's instructions were inappropriate, and that Plaintiff's condition was improved by February 5, 2007, because he refused to go to the infirmary for an appointment.

---

[2]Apparently the "sitze" was a boil.

Plaintiff was a pre-trial detainee at the time the events complained of took place. Therefore, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Medical progress notes Defendants submitted with their statement of facts (docket entry #68, exhibit #1) indicate that, on December 22, 2006, nurse practitioner Pamela Johnson directed Plaintiff to apply a heat compress.[3] Johnson saw Plaintiff on December 28, 2006, and directed him to continue with the heat compress. Plaintiff was also started on two days of antibiotics. Progress notes indicate that Plaintiff signed a refusal and refused to go to the infirmary on February 5, 2007, but Plaintiff disputes that fact, and contends that he was not allowed to leave the barracks because he did not have his identification badge. However, a medical note dated February 6, 2007, does not appear to mention Plaintiff's boil as a problem.

Even assuming Plaintiff had a serious medical condition, which is doubtful, it is clear that Plaintiff had appropriate medical treatment for his condition.[4] From his response to Defendants' motion, it appears that Plaintiff's primary complaint is that the infirmary staff did not clean the site of the boil themselves, but rather merely gave Plaintiff the supplies to do so. Plaintiff has offered no medical evidence to suggest that the treatment he was provided was inadequate, or that he has been injured by the care, or lack of care, that he received. Now is the time to present such evidence, and in its absence, Plaintiff's complaint amounts to nothing more than a disagreement with his medical care, which is not actionable.[5]

---

[3]Plaintiff asserts that he was taken to the infirmary, but never actually saw Johnson on December 22, 2006, but admits that he was given gauze and antibiotic cream. Plaintiff also concedes that Johnson saw him on December 28, 2006 (docket entry #71).

[4]A "serious medical need" is one that a physician has diagnosed as needing treatment, or one so obvious that a layperson would recognize the need for a physician's attention. *Sheldon v. Pezley*, 49 F.3d 1312 (8th Cir. 1995).

[5]The Court notes that Plaintiff is now incarcerated in the Arkansas Department of Correction's Grimes Unit, and he has offered no evidence, medical or otherwise, that any physician there has concluded that Plaintiff's boils have been treated improperly.

5

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #67) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   7   day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE