**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

HEZEKIAH SATTERFIELD                                                                                    PLAINTIFF
ADC #106411

V.                                              NO: 4:08CV00001 JMM

SARA SPEER *et al.*                                                                                     DEFENDANTS

### ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge H. David Young, and the objections filed. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

Additionally, the Court finds that plaintiff brought this action against Sarah Speer and Doc Holladay in their official capacity only as Nurse-Health Service Administrator at the Pulaski County Regional Detention Facility and Sheriff of Pulaski County, respectively. Because this complaint was brought in their official capacities it must be treated as a suit against Pulaski County.

In a § 1983 action, a municipality may only be held liable for constitutional deprivations if the deprivation is the result of a policy or custom of the municipality. *Haslar v. Megerman*, 104 F.3d 178, 180 (8th Cir. 1997). Thus, even if plaintiff had demonstrated that a constitutional deprivation occurred, his claim against Pulaski County fails, as he has pointed to no evidence or made allegations that the County had a policy or custom of deliberate indifference to an inmate's medical needs.

The Court is aware that if plaintiff had received notice of possible dismissal on his failure to state individual capacity claims against the officers, he "could have sought leave to amend his

complaint to state individual capacity claims against the [defendants]." *Parker v. Matthews*, 71 Fed. Appx 613, 614 n.1 (8th Cir. 2003). However, the Court finds that such an amendment would have been futile.

In order for these defendants to be held liable in their individual capacity, they would have to have personal involvement with the alleged lack of medical treatment. *See Lenz v. Wade,* 490 F.3d 991,995 (8th Cir. 2007) (prison official not liable for constitutional violations of subordinate on respondeat superior theory of liability under § 1983). The only allegation against either of these defendant which indicates personal involvement in the alleged lack medical treatment is that defendant Speer failed to respond to a grievance. By affidavit plaintiff states that he filed an emergency grievance on December 22, 2006 and was taken to the infirmary on that same date. *See* Doc. #79. Based upon the record before the Court, the allegations concerning the involvement of these defendants are insufficient to impose individual liability.

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for summary judgment (docket entry #67) is GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

2. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

3. All pending motions are dismissed as moot.

DATED this __21__ day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE